IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kerwin E. Brown,<br><br>          Plaintiff,<br><br>vs.<br><br>Joseph W. Brown,<br><br>          Defendant. | C/A No. 2:19-01994-JFA-MGB<br><br><br>**ORDER** |

Kerwin E. Brown ("Plaintiff") proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Officer Joseph W. Brown ("Defendant") attacked him. (ECF No. 17). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 52). The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

On March 2, 2020, Defendant filed a motion to compel asserting that Plaintiff has failed to comply with Defendant's discovery requests which were served on Plaintiff on December 12,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

2020. (ECF No. 41). On March 3, 2020, Defendant filed a motion to dismiss for lack of prosecution based on Plaintiff's failure to comply with the rules of discovery or the Court's scheduling order. (ECF No. 42). On March 4, 2020, the Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences of failing to adequately respond to the pending motions. (ECF No. 43).

On May 18, 2020, the Magistrate Judge issued a Report and Recommendation which recommended this Court dismiss this action with prejudice for Plaintiff's failure to prosecute or comply with the Court's orders. (ECF No. 52). The Magistrate Judge advised Plaintiff of his right to object to the Report by June 1, 2020. However, to date, Plaintiff has failed to respond in any way to the Court's Orders or Defendant's pending motions. In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation (ECF No. 52). Therefore, Plaintiff's Complaint (ECF No. 17) is dismissed with prejudice and without issuance and service of process. Defendant Joseph W. Brown's Motion to Dismiss for Lack of Prosecution (ECF No. 42) is granted.

IT IS SO ORDERED.

*[signature: Joseph F. Anderson, Jr.]*

June 11, 2020
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge